GOSS & DeLEEUW MACH. CO. v.
UNITED STATES:
No. 755.

District Court, D. Connecticut.
Oct. 20, 1943.

Charles M. Lyman, of New Haven, Conn., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe, Leon F. Cooper, and Julian G. Gibbs, Sp. Assts. to the Atty. Gen., and Robert P. Butler, U. S. Atty., and Valentine J. Sacco, Asst. U. S. Atty., both of Hartford, Conn., for defendant.

HINCKS, District Judge.

The following facts are found:

1. The first eleven paragraphs of the stipulation of facts on file are hereby made corresponding paragraphs of these findings.

2. Plaintiff's income tax return for 1930 showed a net income of $68,273.14 and a tax of $8,192.77.

13. In 1930, plaintiff's responsible officer, Mr. Crozier, reviewed the company's methods of calculating depreciation and reached the conclusion that the rates of depreciation were excessive with respect to the assets described in paragraph 10 of the stipulation.

14. At that time, Mr. Crozier decided that these assets had a remaining life as set forth in the third column of figures in said paragraph 10.

15. Owing to opposition by the company's auditors and to the fact that the years 1931, 1932, and 1933 were loss years when an incorrect calculation of depreciation would have no effect on the tax liability of plaintiff, Mr. Crozier did not put into effect the new rates, corresponding to the new estimates of the years of life, until 1934.

16. Upon putting the new rates into effect, the depreciation was recalculated from the asset values at the close of 1930.

17. This recalculation would increase the deduction for depreciation in 1935 by $1,247.06, in 1936 by $1,250.39, and in 1937 by $1,203.20, with corresponding reductions in the net income for those years.

18. The new rates so adopted are reasonable and are closely in accord with those used by the Treasury Department.

19. On January 1, 1936, the books of plaintiff showed an accumulated deficit of $5,790.97.

20. Plaintiff was forbidden by Connecticut law to pay dividends while this deficit existed.

21. The restoration of asset values brought about by the recalculation of depreciation from December 31, 1930, would eliminate this deficit.

22. On January 1, 1937, plaintiff had no accumulated deficit.

23. The tax of $3,037.52 which as shown in paragraphs 3 and 9 hereof was assessed and paid for the year 1936, was based on a net income of $13,163.62. This amount included as income an item of $27.10 representing a bad debt which plaintiff had charged off as worthless in 1933, but had subsequently recovered in 1936. The deduction of this item from the net income would result in an overpayment of the tax in the amount of $8.41.

24. The differences in the amounts of taxes which would result from the restoration of asset values as aforesaid, together with the additional deductions of $27.10 in 1936 and $130 in 1937, are as follows:

|  | 1935 | 1936 | 1937 |
|---|---|---|---|
| Tax paid | 755.32 | 3,037.52 | 19,555.38 |
| Tax payable | 583.85 | 2,641.16 | 18,962.38 |
| Excessive payment | 171.47 | 396.36 | 593.27 |
| Interest paid (pro rata) | 16.89 | 56.42 | none |

25. The differences in the amounts of taxes which would result from the deduction of $5,790.97 from the adjusted net income in 1936, together with the additional deductions of $27.10, is $1,187.24.

### Conclusions of Law

1. Under the retroactive provisions of the Revenue Act of 1942, 26 U.S.C.A. Int. Rev.Acts, plaintiff is entitled to a deduction of the item of $27.10 from the net income for 1936.

2. Plaintiff is not entitled to deduct the additional amount of capital stock tax paid ($130) from its reported net income for 1937.

3. The deductions for depreciation in 1935, 1936, and 1937 were properly computed by the Commissioner upon the base of depreciated asset values appearing as of the close of 1933 in plaintiff's tax returns. Virginian Hotel Corp. v. Helvering, 319 U.S. 523, 63 S.Ct. 1260, 87 L.Ed. 1561.

4. Plaintiff was subject to the undistributed profits tax in 1936 only on the excess of its net income over its accumulated deficit of $5,790.97 as of January 1, 1936.

5. Plaintiff is entitled to judgment in the principal sum of $1,187.24 with interest according to law.

The main issue in this case relates to the proper method of fixing the depreciation base upon which the plaintiff's allowable depreciation for the years 1935, 1936 and 1937 should be computed. Subsequent to the submission of briefs herein, this issue has been determined adversely to the plaintiff by the Supreme Court of the United States. Virginian Hotel Corp.

v. Helvering, 319 U.S. 523, 63 S.Ct. 1260, 87 L.Ed. 1561.

With the issue relating to depreciation thus disposed of, the Government concedes that for the year 1936 the plaintiff under the retroactive provisions of the Revenue Act of 1942 is entitled to recovery of so much of the tax as arose from the fact that its deficit for that year had not been credited.

The Government also concedes that under the retroactive provisions of the Revenue Act of 1942 an item of $27.10 representing the recovery in 1936 of a bad debt previously charged off as worthless should be deducted from plaintiff's net income for the year 1936.

■ The only issue left in the case relates to the amount properly deductible from the plaintiff's net income for the income tax year 1937, for income tax purposes, on account of its capital stock tax. In making out its income tax for that year, plaintiff in March, 1938, reported a deduction of $370 on account of this item. Later, however, in reporting its capital stock tax, the plaintiff reported and paid, for the capital stock tax year ending June 30, 1938, a capital stock tax of $500, and now claims that the deduction from its net income for income tax purposes should be corrected accordingly.

There is, however, this difficulty with the plaintiff's position. If the plaintiff in its income tax return for 1937 was reporting deductible taxes on a cash basis (and its 1936 return shows that the taxes deducted were taxes "paid"), the capital stock tax due in July, 1937, would fix the amount deductible on account of this item. But there is no evidence as to the amount of the 1937 capital stock tax: only the 1938 capital stock tax return is in evidence. If, on the other hand, the plaintiff was reporting its deductible taxes on an accrual basis, the capital stock tax accrued for the calendar (income-tax) year 1937 would be the aggregate of so much of the 1937 capital stock tax as accrued from January 1 to June 30, 1937, and so much of the 1938 capital stock tax as accrued from July 1 to December 31, 1937. And here again the absence of evidence as to the capital stock tax liability for the year ending June 30, 1937, is fatal.

The judgment may be settled in chambers, on notice unless its content can be agreed upon.